**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOUNYA L. MANNING,<br><br>        Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 14-0867-JPR<br><br>**MEMORANDUM OPINION AND ORDER REVERSING COMMISSIONER** |

**I. PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying her application for Social Security disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c). This matter is before the Court on the parties' Joint Stipulation, filed November 3, 2014, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is reversed and this action is remanded for further proceedings.

1

## II.  BACKGROUND

Plaintiff was born on May 4, 1972. (Administrative Record ("AR") 55, 156.) She completed the 11th grade and worked as a fast-food cashier, janitor, home-care provider, and hair braider. (AR 55, 57, 79-80, 178-77.)

On November 19, 2004, Plaintiff filed applications for DIB and SSI, alleging that she had been unable to work since April 26, 2004. (See AR 91.) Plaintiff appeared and testified at a hearing, at which she was not represented by counsel. (Id.) In a written decision dated October 23, 2006, an Administrative Law Judge found that Plaintiff had a severe impairment of "history of low back pain" and a nonsevere impairment of "dysthymic reaction" but determined that she was not disabled. (AR 94, 96.)

On August 6, 2010, Plaintiff again filed applications for DIB and SSI. (AR 102-03, 156-57.) She alleged that she had been unable to work since December 30, 2004, because of "Pulm[o]nary Lung Disease," "G[E]RD," "Back," "Nerve damage to left side of body," "depression," "colon cancer - severe/unk," "Hem[orrh]oids (damage and bleeding)," "Major Rectum problems," "legs," and "Lupus." (AR 156, 172, 176.) After Plaintiff's application was denied, she requested a hearing before an ALJ. (AR 117-18.) A hearing was held on April 11, 2012, at which Plaintiff, who was represented by counsel, testified, as did Plaintiff's boyfriend and a vocational expert. (AR 49-87.) In a written decision issued June 25, 2012, the ALJ determined that Plaintiff was not disabled. (AR 30-38.) On August 20, 2013, the Appeals Council denied Plaintiff's request for review. (AR 8-14.) On December 13, 2013, the council set aside its earlier action to consider

additional information and then again denied Plaintiff's request for review.  (AR 1-7.)  This action followed.

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion.  Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner.  Id. at 720-21.

**IV.  THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected

to last, for a continuous period of at least 12 months.  42 U.S.C. § 423(d)(1)(A); <u>Drouin v. Sullivan</u>, 966 F.2d 1255, 1257 (9th Cir. 1992).

### A. The Five-Step Evaluation Process

An ALJ follows a five-step sequential evaluation process to assess whether someone is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); <u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996).  In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied.  §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied.  §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal one in the Listing, the fourth step requires the Commissioner to determine whether the claimant has

sufficient residual functional capacity ("RFC")[1] to perform her past work; if so, she is not disabled and the claim must be denied. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id. If that happens or if the claimant has no past relevant work, the Commissioner bears the burden of establishing that the claimant is not disabled because she can perform other substantial gainful work available in the national economy. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). That determination comprises the fifth and final step in the sequential analysis. §§ 404.1520(a)(4), 416.920(a)(4); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

    B.   The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not continuously engaged in substantial gainful activity since December 30, 2004, her alleged onset date. (AR 33.) At step two, he found that Plaintiff had the severe impairments of "a history of possible fibromyalgia and lupus; vascular disease; a history of hemorrhoids; and a possible seizure disorder." (Id.) At step three, he determined that Plaintiff's impairments did not meet or equal any of the impairments in the Listing. (AR 34.) At step four, the ALJ found that Plaintiff had the RFC to perform medium work with additional limitations. (AR 35.) Specifically,

---

    [1] RFC is what a claimant can do despite existing exertional and nonexertional limitations. §§ 404.1545, 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

Plaintiff could occasionally climb ladders, ropes, scaffolds, ramps, or stairs; frequently stoop, kneel, crouch, or crawl; occasionally be exposed to hazardous machinery, unprotected heights, or other high-risk, hazardous, or unsafe conditions; and never drive. (Id.)  Based on the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a janitor, cashier, hair braider, and home-care provider. (AR 37.)  He therefore concluded that Plaintiff was not disabled. (Id.)

**V.   DISCUSSION**

Plaintiff contends that the ALJ erred in (1) finding that she had not overcome the continuing presumption of nondisability arising from the October 2006 decision and (2) assessing her credibility. (J. Stip. at 4.)  Because the ALJ should not have applied the presumption of nondisability in this case, and because the error was not harmless, remand is warranted.

    A.   <u>The ALJ Erred in Finding that Plaintiff Failed to Rebut the Presumption of Continuing Nondisability</u>

Plaintiff contends that the application of res judicata was inappropriate because she was not represented by counsel in connection with her previously filed applications and because she submitted evidence of an increase in the severity of her mental impairment and the diagnosis of new impairments not raised in her prior application or considered by the earlier ALJ. (Id. at 5-6.)

        1.   <u>Applicable law</u>

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." Chavez

v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988). "Normally, an ALJ's findings that a claimant is not disabled creates [sic] a presumption that the claimant continued to be able to work after that date." Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009).

"The presumption does not apply, however, if there are 'changed circumstances.'" Lester, 81 F.3d at 827 (quoting Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985)); accord SSAR 97-4(9), 1997 WL 742758, at *3 (Dec. 3, 1997) ("When adjudicating the subsequent claim involving an unadjudicated period, adjudicators will apply a presumption of continuing nondisability and determine that the claimant is not disabled with respect to that period, unless the claimant rebuts the presumption . . . by showing a 'changed circumstance' affecting the issue of disability with respect to the unadjudicated period . . . ."). Examples of changed circumstances precluding the application of res judicata include "[a]n increase in the severity of the claimant's impairment," "a change in the claimant's age category, as defined in the Medical-Vocational Guidelines," and a new issue raised by the claimant, "such as the existence of an impairment not considered in the previous application." Lester, 81 F.3d at 827-28 (citations omitted); see also SSAR 97-4(9), 1997 WL 724758, at *3.

The presumption also does not apply "where the claimant was unrepresented by counsel at the time of the prior claim." Lester, 81 F.3d at 827-28 (citing Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988)).

2. <u>Analysis</u>

First, the ALJ's application of res judicata was inappropriate because Plaintiff was not represented by counsel in connection with her previously filed applications. (<u>See</u> AR 91); <u>Lester</u>, 81 F.3d at 827-28; <u>Gregory</u>, 844 F.2d at 666.

Second, the ALJ's determination that Plaintiff failed to rebut the presumption of continuing nondisability arising from the October 2006 decision is not supported by substantial evidence. Specifically, Plaintiff alleged new impairments – pulmonary lung disease, GERD, nerve damage, colon cancer, hemorrhoids, rectal problems, leg issues, and lupus – and increased severity of her previously established mental impairment of dysthymia to depression. (AR 176.) And the ALJ found that the medical evidence established severe impairments of a history of possible fibromyalgia and lupus, vascular disease, a history of hemorrhoids, and a possible seizure disorder – none of which were alleged or found to exist in the 2006 decision (<u>see</u> AR 91-96) – as well as nonsevere mental impairments. (AR 34.) Plaintiff's allegations of new physical impairments and more severe mental impairment thus constituted "changed circumstances." (<u>See</u> AR 91-96); <u>Lester</u>, 81 F.3d at 827. On that basis as well, the ALJ should not have applied the presumption of continuing nondisability when deciding Plaintiff's most recent applications. <u>See, e.g.</u>, <u>Lester</u>, 81 F.3d at 828 (holding that plaintiff's allegation of new impairment not raised in prior application or addressed in prior decision and change in plaintiff's age category were independent reasons precluding application of res judicata); <u>Light v. Soc. Sec. Admin.</u>, 119 F.3d

789, 792 (9th Cir. 1997) (as amended) (finding presumption of nondisability rebutted by evidence of diagnosis of new impairment and evidence that previous impairment had become increasingly severe); Vasquez, 572 F.3d at 597-98 (holding that "because Vasquez raised a new issue not before ALJ Stacy and entered the 'closely approaching advanced age' category, it was improper for ALJ Rogers to apply a presumption of continuing non-disability when deciding Vasquez's second application").

The Commissioner "acknowledges that Plaintiff's doctors diagnosed her with history of possible fibromyalgia and lupus, history of hemorrhoids, and possible seizure disorder since the prior ALJ decision" but contends that "the ALJ permissibly found that these were not worsening or new conditions." (J. Stip. at 9-10.) To support this contention, the Commissioner argues that the evidence showed that Plaintiff's impairments were not disabling. (Id. at 8.) But they need not have been disabling or even severe to preclude application of res judicata. See Vasquez, 572 F.3d at 598 n.9 (holding that whether new impairment was deemed severe is "irrelevant, because . . . a claimant defeats the presumption of continuing nondisability by raising a new issue in a later application"; emphasizing that "all an applicant has to do to preclude the application of res judicata is raise a new issue in the later proceeding" (citation omitted)); see also SSAR 97-4(9), 1997 WL 742758, at *3 (requiring only a "'changed circumstance' affecting the issue of disability").

The Commissioner further argues that even if the ALJ did err in applying the presumption, "any error was harmless, since the

9

ALJ would have had to proceed with a review of the medical evidence, as he did here." (J. Stip. at 8.) Although the evidence does seem to support the ALJ's finding that Plaintiff is not disabled, the Court cannot conclude that the ALJ's error in giving res judicata effect to the October 2006 decision was harmless. The ALJ stated that if Plaintiff did not rebut the presumption, he "must" find her not disabled. (AR 33.) Indeed, although the ALJ found severe impairments of history of possible fibromyalgia and lupus, vascular disease, history of hemorrhoids, and possible seizure disorder (AR 33), his explanation of the basis for Plaintiff's RFC includes little discussion of any evidence of lupus, vascular disease, or hemorrhoids, only brief mention of Plaintiff's seizures and fibromyalgia, and only a handful of cites to specific evidence in the record (see AR 35-37; see also AR 33). The Court therefore cannot determine whether he assessed this evidence properly or at all. See Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (noting that ALJ must "explain why significant probative evidence has been rejected" (internal quotation marks omitted)).

Relatedly, the ALJ gave "significant weight" to the opinions of Dr. Robert Moore, who performed a December 2012 neurological examination of Plaintiff, and state-agency physician L. Limos because their opinions "seem essentially well-supported by the record," but he failed to discuss portions of the record that might be seen as inconsistent with the doctors' findings. (AR 36; see, e.g., AR 365-69, 623-27.) The ALJ did not indicate the weight he gave to the opinions of treating neurologist Salvatore

10

Danna (see, e.g., AR 352-56), examining neurologist Munther Hijazin (see AR 598-601), or examining internist Rocely Ella-Tamayo (see AR 571-75). See §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii) (noting that ALJ must consider all medical evidence in record and "explain in [his] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources"). Therefore, the Court cannot conclude that the ALJ's disability determination would have been the same had he found that Plaintiff had rebutted the presumption of continuing nondisability and not given res judicata effect to the prior ALJ's decision.

In sum, the ALJ's application of the presumption of continuing nondisability was inappropriate because Plaintiff was unrepresented in connection with her prior applications and presented "changed circumstances" in her most recent applications. Plaintiff is entitled to reversal. On remand, the ALJ shall reassess whether Plaintiff is disabled without giving res judicata effect to the October 2006 decision. Because the ALJ must reassess Plaintiff's credibility after reconsidering the evidence of her impairments, the Court does not reach the issue raised in the Joint Stipulation concerning Plaintiff's credibility.

B.  Remand for Further Proceedings Is Appropriate

When, as here, an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, however, or when the record has been fully

developed, it is appropriate under the "credit-as-true" rule to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Garrison v. Colvin, 759 F.3d 995, 1019-20 (9th Cir. 2014).

Under the credit-as-true framework, three circumstances must be present before the Court may remand to the ALJ with instructions to award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020. When, however, the ALJ's findings are so "insufficient" that the Court cannot determine whether the rejected testimony should be credited as true, the Court has "some flexibility" in applying the credit-as-true rule. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); see also Garrison, 759 F.3d at 1020 (noting that Connett established that credit-as-true rule may not be dispositive in all cases). This flexibility should be exercised "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Garrison, 759 F.3d at 1021.

Here, under Connett, remand for further proceedings is appropriate because the ALJ improperly applied the presumption of

continuing nondisability and thus failed to properly consider evidence of Plaintiff's impairments, yet for the reasons stated by the ALJ (see AR 35-37), the Court has serious doubts as to whether she is in fact disabled.[2]

## V. CONCLUSION

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner, GRANTING Plaintiff's request for remand, and REMANDING this action for further proceedings consistent with this Memorandum Opinion. IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on counsel for both parties.

DATED: March 30, 2015

_____
JEAN ROSENBLUTH
U.S. Magistrate Judge

---

[2] The Court noted that Plaintiff is in any event likely not entitled to any benefits for the period from December 30, 2004, her alleged onset date, to October 23, 2006, the date of the first ALJ's decision. See Lester, 81 F.3d at 827.

[3] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."